# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MIGUEL LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> XAVIER BECERRA, <br><br> Respondent. | Case No.: 1:18-cv-00553-JLT (HC) <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner filed a habeas petition in this Court on April 16, 2018. Upon conducting a preliminary screening of the petition, it appears that the petition fails to present a cognizable ground for relief. In addition, Petitioner fails to name a proper respondent. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

## I. PROCEDURAL HISTORY

On September 9, 2015, Petitioner was convicted in the Madera County Superior Court of three counts of second degree robbery in violation of Cal. Penal Code § 211. (Doc. 1 at 1.) He was sentenced to a term of 35 years and 8 months. (Doc. 1 at 1.) Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), and the appeal was denied on November 2, 2017. (Doc. 1 at 2.) He filed a petition for review in the California Supreme Court and the petition was denied. (Doc. 1 at 2.)

1

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus"

proceedings).

In this case, Petitioner presents one ground for relief: He claims that California Senate Bill No. 620 should apply to Petitioner's case retroactively and the matter should be remanded to the superior court to permit the sentencing court to strike firearm sentence enhancements. Petitioner challenges the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In order to state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here, because on its face, the petition shows no sentencing error or arbitrariness. He states only that the parties agree that Senate Bill 620 applies to his case, but they disagree on whether remand is required. Furthermore, Petitioner claims no violation of his federal constitutional rights. Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed.

C. Failure to Name a Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner names Xavier Becerra as Respondent in this matter. Xavier Becerra is neither the person having custody of Petitioner, nor the chief officer in charge of California penal

institutions. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). Ordinarily, the Court would give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent. In this case, however, Petitioner also fails to state a cognizable claim for relief. Therefore, the Court will recommend the petition be dismissed.

### III. RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the instant Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 27, 2018**         **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE